UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR<br>ENVIRONMENTAL RESPONSIBILITY,<br>962 Wayne Ave, Suite 610<br>Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>THE INTERIOR<br>1849 C Street, N.W.<br>Washington DC 20240<br><br>*Defendant*. | CIVIL ACTION NO. 22-460<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Department of Interior ("Defendant" or "DOI") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking records related to the highly-touted Biden administration "America the Beautiful" conservation program in furtherance of Executive Order 13,990, Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis, 86 Fed. Reg. 7037 (Jan. 20, 2021) (sometimes referenced as "30 x 30" for its stated goal of preserving 30% of America's lands and waters by the year 2030).

2. PEER submitted a FOIA request on November 17, 2021, seeking records relating to the "America the Beautiful" or "30x30" plan regarding the inclusion of artificial or synthetic turf in lands considered protected by the program in the wake of public reporting that the Biden administration had touted artificial turf as an example of successfully protected lands.

3. To date, Defendant has failed to make a final determination on Plaintiff's FOIA request or to disclose to the Plaintiff all the requested documents within the time stipulated under FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, policy that worsens or remediates climate change, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant is an agency of the United States under 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The Defendant's refusal to provide the Plaintiff with the records requested or make a final a determination on Plaintiff's FOIA request within 20 working days of the date of the request's submission is a violation of FOIA.

## STATEMENT OF FACTS

12. On November 17, 2021, PEER submitted a FOIA request to DOI seeking:

    1. Any records concerning inclusion of artificial or synthetic turf within the America the Beautiful initiative;

    2. Any communications to or from artificial turf industry representatives, attorneys, or employees relating to the subject matter of item 1;

3. The most recent definition of conserved land being used by DOI for purposes of the America the Beautiful program, including any consideration of artificial turf; and

4. Any representations made by any DOI official from January 1, 2021 to present supporting installation of artificial or synthetic turf on any land surface, including private property.

13. On November 19, 2021, DOI confirmed its receipt of the request on November 17 and assigned this FOIA request tracking number DOI-OS-2022-000764. By the same instrument, DOI granted PEER's request for a fee waiver and informed PEER that its request fell into the agency's "Simple" processing track, which is a category of requests which DOI stated should "generally take one to five workdays to process."

14. Since the request was submitted, PEER has yet to receive any responsive records or a final determination on DOI-OS-2022-000764.

15. On January 20, 2022, PEER emailed the main FOIA email account for DOI's Office of the Secretary to check on the status of DOI-OS-2022-000764 and request an estimated date of completion as it had not received any communications from the agency subsequent to the initial acknowledgment letter.

16. Five days later, on January 25, 2022, the FOIA office responded that they had assigned the request to a processor and that an estimated date of completion would be forthcoming "[o]nce they have had a chance to review the volume and complexity" of potentially responsive materials.

17. Since January 25, 2022, PEER has received no further communications regarding FOIA request DOI-OS-2022-000764.

18. To date, PEER has received no documents in response to its FOIA request and DOI has yet to make a final determination on PEER's FOIA request.

## CAUSE OF ACTION

19. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

20. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

21. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

22. Twenty working days from November 17, 2021, was December 17, 2021.

23. The DOI has not invoked an extension of ten further working days due to any unusual circumstances.

24. As of the date of this filing, Plaintiff has not received a final determination on its FOIA request.

25. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its November 10, 2021, FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

26. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the implementation of the "America the Beautiful" conservation program by DOI.

27. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA requests, as well as other appropriate relief, including attorneys' fees and costs.

28. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA requests within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on February 22, 2022,

__/s/ Hudson Kingston_____
Hudson B. Kingston, DC Bar # 1007702

Kevin H. Bell
NY Bar No. 5448626 (pending local admission)
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*